David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One E. Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiffs
John Burke and Sally Robinson-Burke

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| John Burke and Sally Robinson-Burke<br><br>Plaintiff,<br><br>v.<br><br>National Action Financial Services, Inc. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. John Burke and Sally Robinson-Burke, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of National Action Financial Services, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiffs are a natural person who resides in the City of Tucson, County of Pima, State of Arizona.

11. Defendant is located in the City of Williamsville, the County of Erie, and the State of New York.

12. Plaintiffs are obligated or allegedly obligated to pay a debt, and are a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiffs were an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime during the year of 2000, Plaintiffs are alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime before April 2003, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.

19. Subsequently, but before March 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about early March 2010, Defendant called Plaintiffs in an attempt to collect an alleged debt.

21. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. During this phone call Defendant threatened to sue Plaintiffs for the alleged debt. Defendant also threatened to have Defendant's wages garnished.

HYDE & SWIGART
Phoenix, Arizona

23. Plaintiffs have not made a payment on this alleged debt for well over six years, and the debt is well outside any applicable statute of limitations.

24. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

25. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

26. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

27. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

28. On or about March 8, 2010, Defendant sent, and Plaintiffs received a letter from Defendants. This letter was a "communication" as 15 U.S.C. §1692a(2) defines that term.

29. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692g, Plaintiff notified Defendants, in writing, that this alleged debt, or some portion of it, was disputed.

30. Despite receiving Plaintiffs' dispute letter, Defendants continued to call Plaintiffs in an attempt to collect the alleged debt.

31. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendants violated 15 U.S.C. § 1692g.

32. Defendants routinely called Plaintiffs throughout the months of March, April, May and June of 2010, attempting to collect the debt.

33. Defendants never validated the debt with Plaintiffs.

34. Furthermore, Plaintiffs regularly informed Defendants that they would not be paying this debt, as it was well outside any applicable statute of limitations, and they could not be sure that Defendant actually owned the debt in question.

35. Despite, this Defendant continued to call. In this phone calls Defendant would routinely make threats of moving this account to the "legal department," "taking this account to the next level" or otherwise threatening litigation.

36. On one occassion, Defendant's agent shouted, "No more deals for you, we're going to court!"

37. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

38. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

39. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

40. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

41. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

42. Due to Defendant's abusive actions, Defendant overwhelmed Plaintiffs, causing them to suffer a great deal of mental anguish in the form of sleeplessness, restlessness, irritability, digestive disorders, chest pains, depression and fear of answering the telephone, all negatively impacting their personal relationships.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiffs are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

46. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for each Plaintiff;

47. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff;

48. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

**TRIAL BY JURY**

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: June 17, 2010                              **Hyde & Swigart**

By:  /s/ David J. McGlothlin
David J. McGlothlin
Attorney for the Plaintiff